Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Derrick Burnett;** | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Equifax Information Services, LLC;** | (Jury Trial Demanded) |
| Defendant. | |

### I.  Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## III. PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.
4. Plaintiff is a "consumer" as defined by FCRA § 1681a(c).
5. Equifax Information Services, LLC ("Equifax") is an Georgia limited liability company conducting business within the state of Arizona.
6. Equifax is both a "person" and a "consumer reporting agency" as those terms are defined and contemplated under the FCRA.

## IV. Factual Allegations

7. On June 14, 2006, Worldwide Asset Purchasing filed a collection lawsuit against Plaintiff in the Downtown Justice Court, Maricopa County, State of Arizona, docket number CC2006-086696.
8. On August 28, 2006, a default judgment was entered against Plaintiff in the amount of $1,724.40 in favor of Worldwide Asset Purchasing.

9.  On August 29, 2006, Atlantic Credit and Finance filed a collection lawsuit against Plaintiff in Downtown Justice Court, Maricopa County, State of Arizona, docket number CC2006-140122.
10. On November 1, 2006, a default judgement was entered against Plaintiff in the amount of $2,711.31 in favor of Atlantic Credit.
11. Shortly thereafter both cases were transferred to the Maricopa County Superior Court for collection, and were assigned case numbers TJ2006-006389 (Worldwide Asset) and TJ2006-008252 (Atlantic Credit).
12. In August 2007, Plaintiff satisfied both judgements through payment to the attorney representing the Worldwide Asset and Atlantic Credit.
13. On August 13, 2007, Worldwide Asset filed a Notice of Satisfaction of Judgment in the Maricopa County Superior Court case number TJ2006-006389.
14. On August 13, 2007, Atlantic Credit filed a Notice of Satisfaction of Judgment in the Maricopa County Superior Court case number TJ2006-008252.
15. In December 2007, Plaintiff reviewed the Downtown Justice Court on-line record website to see whether the satisfactions of judgment had been noted.
16. At that time neither judgement showed that it had

1  been satisfied on the Downtown Justice Court's
2  website.
3  17. At that same time, Plaintiff reviewed the Maricopa
4  County Superior Court website which showed that both
5  judgements had been satisfied.
6  18. In January 2008 and again in July 2008, Plaintiff
7  personally went to the Superior Court to speak with
8  the clerk in order to resolve the Downtown Justice
9  Court failure to show the satisfaction of the two
10  judgements on its website.
11  19. Plaintiff was told by the court clerk at the
12  Superior Court that he needed to have a certified
13  copy of the satisfactions of the judgement conveyed
14  from the Superior Court to the Downtown Justice
15  Court.
16  20. Plaintiff immediately arranged for certified copies
17  of both the judgments and the satisfactions of
18  judgement to be conveyed from the Superior Court to
19  the Downtown Justice Court.
20  21. In August 2008, Plaintiff again went to the Superior
21  Court and spoke with a clerk concerning the fact
22  that the Downtown Justice Court's website still did
23  not show that the judgements had been satisfied.
24  22. The clerk told Plaintiff that the online records for
25  the Downtown Justice Court were unofficial records,

and should not be relied upon by anyone.

23. In or about August 21, 2008, Plaintiff obtained a copy of his credit report from Equifax.

24. The Equifax report showed both judgments as still outstanding and not satisfied.

25. Plaintiff immediately contacted the dispute department of Equifax and disputed the inaccurate reporting of the two judgements.

26. The representative from Equifax told Plaintiff that so long as the online records at the Downtown Justice Court showed the judgements as unsatisfied, Equifax would not update the credit report to show satisfied.

27. Plaintiff explained to the Equifax representative that the online records were not the official records of the Downtown Justice Court, and that Equifax should contact the Downtown Justice Court directly to verify that the judgments had been satisfied.

28. The Equifax representative also told Plaintiff that because the lawsuits were originally filed in the Downtown Justice Court, Equifax would continue to show both judgments as unsatisfied until proof was provided.

29. The Equifax representative then told Plaintiff that

1 | if he sent copies of the Satisfactions of Judgement
2 | to Equifax, Equifax would review the matter and
3 | possibly show the judgements as satisfied.
4 | 30. On August 21, 2008, Plaintiff sent copies of the
5 | Satisfactions of Judgment to Equifax's dispute
6 | department.
7 | 31. The cover letter sent with the Satisfactions of
8 | Judgment also requested that Equifax telephone the
9 | Downtown Justice Court to confirm that the judgments
10 | had in fact been satisfied and that the online
11 | records had not been updated.
12 | 32. On August 22, 2008, Equifax sent Plaintiff a letter
13 | stating that Equifax would not delete or adjust the
14 | items on his credit report, and stating that the
15 | judgements were not satisfied.
16 | 33. In September 2008, Plaintiff once again contacted
17 | Equifax to dispute its reporting of the judgments.
18 | 34. At that time, the Equifax representative told
19 | Plaintiff that if the online records for the
20 | Downtown Justice Court could not be updated, then
21 | the only way Equifax would correct Plaintiff's
22 | credit report would be for Plaintiff to send Equifax
23 | a letter from the Downtown Justice Court signed by
24 | an official representative, along with an official
25 | copy of the court's docket.

35. In June 2009, Plaintiff again checked the downtown justice court website which continued to show both judgements as owed and not satisfied.
36. On June 23, 2009, Plaintiff again went to the Superior Court and was told by the clerk that there was nothing further that the clerk or anyone else could do about the situation.
37. The clerk also told Plaintiff that since the online records were unofficial, no one should rely upon on.
38. On June 30, 2009 Plaintiff sent another letter to Equifax disputing the two judgements reporting as unsatisfied.
39. In his June 30, 2009 letter, Plaintiff attached copies of the docket printed out directly from the Phoenix Downtown Justice Court, not the online version, showing that both the judgments were reporting as satisfied in full.
40. On July 4, 2009, Equifax sent Plaintiff a letter stating that it would not delete or adjust the items on his credit report, stating that the judgements were not satisfied.
41. Upon information and belief, Equifax's investigation of Plaintiff's disputes consisted solely of reviewing the online website for the Downtown Justice Court.

42. Equifax has continued to report inaccurate, derogatory and improper information and failed to retract, delete and/or suppress inaccurate, derogatory and improper information about the Plaintiff, as described more fully herein.
43. As a result and proximate cause of Defendant's actions, Plaintiff has suffered actual damages, including, but not limited to, loss of credit opportunities, denial of credit, and emotional distress.

## V.   Causes of Action

### a.   Fair Credit Reporting Act

44. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.
45. Defendant Equifax has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff that such information was inaccurate.
46. Equifax has willfully, or alternatively, negligently, violated FCRA § 1681e(b), on multiple occasions.
47. Defendant Equifax failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise

1    failed to comport with FCRA § 1681i.
2  48. Defendant Equifax has willfully, or alternatively,
3    negligently, violated FCRA § 1681i.
4  49. As a direct result and proximate cause of Equifax's
5    continued reporting of erroneous and adverse
6    information on Plaintiff's credit reports, Plaintiff
7    has suffered and continues to suffer damages
8    including, but not limited to, humiliation,
9    embarrassment, anxiety, credit denial, higher
10   interest rates, higher insurance rates, and/or loss
11   of opportunity.
12 50. As a result of Defendant's negligent failure to
13   comply with the FCRA, Defendant is liable to
14   Plaintiff in an amount equal to the sum of (1) any
15   actual damages sustained by Plaintiff as a result of
16   said failure and (2) the costs of this action
17   together with reasonable attorneys' fees.
18 51. As a result of Defendant's willful failure to comply
19   with the FCRA, Defendant is liable to Plaintiff in
20   an amount equal to the sum of (1) any actual damages
21   sustained by Plaintiff as a result of the failure or
22   damages of not less than $100.00 and not more than
23   $1,000.00 for each such violation; (2) such amount
24   of punitive damages as the court may allow; and (3)
25   the costs of this action together with reasonable

1     attorneys' fees.

## VI. DEMAND FOR JURY TRIAL

3 Plaintiff hereby demands a jury trial on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Actual damages under the FCRA, or in the alternative, statutory damages of $1,000 per violation pursuant to FCRA § 1681n;

b) Punitive damages pursuant to FCRA § 1681n;

c) Costs and reasonable attorney's fees pursuant to FCRA §§ 1681n and/or *o*; and

d) Such other relief as may be just and proper.

DATED    October 29, 2009   .

                             s/ Floyd W. Bybee
                             Floyd W. Bybee, #012651
                             **BYBEE LAW CENTER, PLC**
                             4445 E. Holmes Avenue
                             Suite 107
                             Mesa, AZ 85206-3398
                             Office: (480) 756-8822
                             Fax: (480) 302-4186
                             floyd@bybeelaw.com

                             Attorney for Plaintiff